FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 AUG 26  AM 10: 43

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GABINO SILVA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 04-621** |
| **AXXIS DRILLING CO.,** *ET AL.* | **SECTION: "S" (3)** |

## ORDER AND REASONS

**IT IS ORDERED** that third party defendant Maxum Services, Inc.'s Motion for Reconsideration (Document 70) is hereby **DENIED.**

Maxum seeks reconsideration of the court's June 21, 2005 Order and Reasons, which granted defendant Drilling Productivity Realized, International, L.L.C. d/b/a Axxis Drilling ("Axxis")'s Motion for Summary Judgment on its third party demand against Maxum. Because Maxum filed its motion within ten days of the court's ruling, it "is considered a Rule 59(e) motion." *Shepherd v. International Paper Co.*, 372 F.3d 326, 328 n. 1 (5th Cir. 2004).

The Fifth Circuit has stated that:

A Rule 59(e) motion "calls into question the correctness of a judgment." This Court has held that such a motion is not the proper vehicle for rehashing evidence, legal

1

Fee_____
Process_____
_/_ Paid_____
_✓_ CtRmDep_____
_____ Doc. No._____

theories, or arguments the could have been offered or raised before the entry of judgment. Rather, Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."

*Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004).  Maxum presents no newly

discovered evidence, nor does its motion demonstrate that the court's Order was manifestly

erroneous.  The affidavit of Broc J. Segura does not provide sufficient basis to reconsider the

court's Order.  Accordingly, Maxum's motion is denied.

New Orleans, Louisiana this *25* day of August, 2005.


**Mary Ann Vial Lemmon**
**United States District Judge**